**Pierce Bainbridge Beck Price & Hecht LLP**
Brian J. Dunne (SBN 275689)
*bdunne@piercebainbridge.com*
Dan Terzian (SBN 283835)
*dterzian@piercebainbridge.com*
355 S. Grand Avenue, 44th Floor
Los Angeles, CA 90071
(213) 262-9333

*Attorneys for Plaintiff LR Acquisition, LLC d/b/a Seon Drone*

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LR ACQUISITION, LLC d/b/a SEON DRONE<br><br>Plaintiff,<br><br>v.<br><br>ZERO ZERO ROBOTICS, INC.<br><br>Defendant. | Civil Action No.: 5:19-cv-5719<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff LR Acquisition, LLC d/b/a Seon Drone ("Seon") by and through its attorneys, Pierce Bainbridge Beck Price & Hecht LLP, hereby demands and complains of Defendant Zero Zero Robotics, Inc. ("ZeroZero") as follows:

**INTRODUCTION**

1.  This is an action for patent infringement. Seon is the owner and assignee of United States Patent No. 9,612,599 ("the '599 patent"). The '599 patent covers groundbreaking advancements in unmanned aerial vehicle (UAV) technology, including the seamless incorporation of "release and hover" functionality into a UAV.

2.      The '599 patent is the fruit of significant technical innovations by UC Berkeley alumni Henry Bradlow and Antoine Balaresque at their Bay Area startup, Lily Robotics, Inc. ("Lily Robotics").  Lily Robotics developed and patent novel UAV technologies.  Seon acquired Lily Robotics's patented technologies, which it has incorporated into a UAV product—the Seone Waterproof Follow Me Drone With 4K UHD Video Camera (the "Seon Drone").  The Seon Drone is available for pre-order at seondrone.com.

3.      ZeroZero is a UAV company that competes with Seon.  ZeroZero directly and indirectly infringes the '599 patent, including through manufacture, sale (and offering for sale), importation, and use of certain UAVs with "release and hover" technology (collectively, the "Accused Products").  The Accused Products include the ZeroZero Hover 2 and the ZeroZero Hover Camera Passport.

4.      With this lawsuit, Seon seeks to be reasonably compensated for ZeroZero's use of Seon's patented technology.

**THE PARTIES**

5.      Seon is a Delaware corporation with its principal place of business of business at 321 West 44th Street, Suite 1000, New York, NY 10036.

6.      On information and belief, Zero Zero Robotics Inc. is a Delaware corporation with a regular and established place of business at 20609 Shelly Drive, Cupertino, CA. 95014.  ZeroZero is registered to transact business in California, including through submission of a Statement and Designation by Foreign Corporation with the State of California Secretary of State on January 27, 2016.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over ZeroZero at least because ZeroZero is registered to do and does business in this State and this judicial district; infringes and has infringed the '599 patent in this judicial district; and maintains a regular and established place of business in this district at 20609 Shelly Drive, Cupertino, CA 95014.

10. Venue is proper for ZeroZero under 28 U.S.C. § 1400(b), at least by virtue of ZeroZero's regular and established place of business at 20609 Shelly Drive, Cupertino, CA 95014.

## FACTUAL ALLEGATIONS

### Lily Robotics and its Patented Technology

11. Seon is a drone company headquartered in New York City. Seon is the owner and assignee of more than thirty patents encompassing landmark innovations in UAV technology by Lily Robotics.

12. Lily Robotics was founded in 2013 in Berkeley, California by UC Berkeley alums Antoine Balaresque and Henry Bradlow. Mssrs. Balaresque and Bradlow established Lily Robotics with the goal of designing, developing, manufacturing, and selling a unique, state-of-the-art quadcopter camera drone. Bradlow and Balaresque's efforts and ingenuity in service of this goal bore fruit through numerous landmark advancements in UAV technology, for which Lily Robotics sought and received patent protection.

13. Among Bradlow and Balaresque's technical achievements in UAV technology was the incorporation of advanced "release and hover" technology in a multi-propeller drone. This technical achievement is disclosed and claimed in the '599 patent.

**The Patent-in-Suit**

14. The '599 patent is titled "Launching Unmanned Aerial Copter from Mid-Air," and was duly and legally issued by the United States Patent and Trademark Office on April 4, 2017. A true and correct copy of the '599 patent is attached to this Complaint as Exhibit A.

15. The '599 patent discloses and claims significant technical advancements in UAV technology that center upon the incorporation of advanced "release and hover" functionality in a multi-propeller UAV device. For example, claim 1 of the '599 patent covers an improved UAV copter system incorporating advanced "release and hover" technology; claim 9 of the '599 patent covers an improved method of operation for a UAV copter; and claim 17 covers a non-transitory computer readable data memory storing instructions for an improved computer-implemented method for a UAV copter.

16. The improved systems and methods disclosed and claimed in the '599 patent cover significant technical innovations that improve the operation of a UAV copter for consumer photography or videography—commonly known as a drone. For example, through the technical innovations of the '599 patent claims, a UAV can be seamlessly launched by a user simply by throwing it in mid-air.

17. Seon is the owner of all right, title, and interest in and to the '599 patent, and possesses all rights of recovery for infringement of the patent, including the right to recover for past damages.

16

Case 5:19-cv-05719 Document 1 Filed 09/11/19 Page 5 of 12

18. The '599 patent claims priority to a series of provisional applications filed on May 23, 2014: U.S. Patent Provisional Application Nos. 62/002,748; 62/002,740; 62/002,737; and 62/002,745. The '599 patent also claims priority to U.S. Patent Provisional Application No. 62/023,954, filed on July 25, 2014. The '599 patent is a continuation-in-part of PCT/US2015/032240.

**The Seon Drone**

19. At CES® 2019, Seon introduced the Waterproof Follow Me Drone With 4K UHD Video Camera ("the Seon Drone"), which will be manufactured and marketed by Viatek. The Seon Drone includes a variety of "follow me" features and can be taken virtually anywhere, *e.g.* kayaking, surfing, wakeboarding, rock climbing, and mountain biking. Its optical flow technology allows a user to fly it easily indoors and outdoors and shoot 4K UHD video with sound. The Seon Drone is available for pre-order at seondrone.com. A picture of the Seon Drone is shown below:



**ZeroZero and the Accused Products**

20. ZeroZero is a drone company that competes with Seon. ZeroZero directly and indirectly infringes the '599 patent.

21. For example, ZeroZero makes, sells, offers to sell in the United States, imports, and uses certain "Hover Camera" UAVs that incorporate the specific "release and hover" functionality claimed in '599 patent (collectively, the "Accused Products"). The Accused Products include the ZeroZero Hover 2 and the ZeroZero Hover Camera Passport.

22. ZeroZero directly and indirectly infringes the '599 patent through its activities in connection with the Accused Products—for example, as set forth in this Complaint.

23. The ZeroZero Hover 2 is shown below:



24. The ZeroZero Hover Camera Passport is shown below:

16



25.     Upon information and belief, including based on evaluation of ZeroZero's products, ZeroZero makes, uses, offers to sell, and/or sells in the United States, and/or imports into the United States products made in accordance with the Patent-in-Suit.  As referred to in this Complaint, and consistent with 35 U.S.C. § 100(c), the "United States" means "the United States of America, its territories and possessions."

26.     Upon information and belief, ZeroZero actively and knowingly directs, causes, induces, and encourages others, including, but not limited to, its designers, manufacturers, suppliers, distributors, resellers, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, products made in accordance with the Patent-in-Suit, by, among other things, providing instructions, manuals, and technical assistance relating to the manufacture, marketing, installation,

set up, use, operation, and maintenance of, said products.

27. Specifically, the ZeroZero devices are capable of being launched by being thrown upward. The devices infringe the Patent-in-Suit at least because they are capable of detecting that the device has been released and, before reaching free fall, adjustments to the propeller drivers are made such that the device reaches a predetermined elevation above the user, and the devices apply power to the propeller drivers in accordance with those adjustments. ZeroZero itself advertises this key feature: the device can be *released* into the air and *hover* on its own:



28. On information and belief, the "release and hover" feature is an important, and key, feature of the Accused Products (and one that infringes the '599 patent), which is directly tied to the popularity of the ZeroZero Hover 2 and Hover Camera Passport.

29. For example, reviews of the Accused Products highlight the "release and hover" feature as central to the product's desirability:

- Mashable: "You can throw the drone into the air." "You simply let go of it and it'll hover in the air at the altitude (up to 164 feet high) which you let it go at."

  https://mashable.com/2016/04/26/hover-camera/

- Gadget Flow: "To use, simply throw the Hover Camera into the air and watch as it immediately and automatically self-balances."

  https://thegadgetflow.com/portfolio/autonomous-self-flying-camera/

- Forbes: "Hover Camera's creator, Meng Qiu "MQ" Wang, pulls out a small, rectangular device that looks at first like an external hard drive. He folds out the body, presses a button on the top and throws it into the air. It immediately begins hovering smoothly (yet loudly) in place."

  https://www.forbes.com/sites/aarontilley/2016/04/26/hover-camera-computer-vision/#55db56c85ad7

30. As a result of its infringement, ZeroZero has not only enjoyed positive reviews and other accolades, such as those cited above, but it has also enjoyed a worldwide partnership with Apple's retail stores.

## COUNT I – Infringement of the '599 Patent

31. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

32. ZeroZero has directly and indirectly infringed, and continues to infringe, the '599 patent pursuant to 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States its Accuse Products. Upon information and belief, ZeroZero's infringement

pursuant to 35 U.S.C. § 271(a) is ongoing.

33. For example, ZeroZero has infringed one or more claims of the '599 patent through the incorporation of specific "release and hover" functionality covered by the '599 patent in the Accused Products (including the ZeroZero Hover 2 and Hover Camera Passport), as described above.

34. For example, as set forth in this Complaint and as shown in the images and descriptions of the Accused Products above, each of the ZeroZero Hover 2 and the ZeroZero Hover Camera Passport comprises a UAV copter with a plurality of propellers, a plurality of propeller drivers that drive the propellers, and advanced "release and hover" components and functionality that include, among other things: inertial sensor, control, and computation, components that detect when the UAV has been thrown upward with the propellers off, and responsively supply power to the copters to launch the UAV in mid-air in response to this detection.

35. Additionally, as set forth in this Complaint and as shown in the images and descriptions of the Accused Products above, each of the ZeroZero Hover 2 and the ZeroZero Hover Camera Passport performs a method for detecting that the UAV copter has been thrown upward and responsively computing and driving the propellers of the copter to "hover" the UAV copter upon release before it reaches free-fall.

36. As set forth in this Complaint and as shown in the images and descriptions of the Accused Products above, each of the ZeroZero Hover 2 and the ZeroZero Hover Camera Passport includes computer-executable instructions for performing a computer-implemented method for monitoring and detecting when the UAV copter has been thrown upward and responsively computing and driving the propellers of the copter to "hover" the UAV copter upon

release before it reaches free-fall.

37. Upon information and belief, Seon has induced infringement of one or more claims of the '599 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly directing, causing, inducing, and encouraging others, including, but not limited to, its designers, manufacturers, suppliers, distributors, resellers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, the Hover Camera products made in accordance with the '599 Patent, including the Hover 2 and Hover Camera Passport, by, among other things, providing instructions, manuals, and technical assistance relating to the manufacture, marketing, installation, set up, use, operation, and maintenance of said products.  Upon information and belief, ZeroZero's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

38. ZeroZero's infringement will continue unless enjoined by this Court.

39. Seon has been and will continue to be irreparably harmed and damaged by ZeroZero's infringement of the '599 patent, for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Seon prays for judgment in favor against ZeroZero granting Seon the following relief:

A. Entry of judgment in favor of Seon and against Seon on all counts;

B. Entry of judgment that Seon has infringed the Patent-in-Suit;

C. An order permanently enjoining Seon together with its officers, directors, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them from infringing the Patents-in-Suit;

16

D.  An award of compensatory damages adequate to compensate Seon for Seon's infringement of the Patent-in-Suit, in no event less than a reasonable royalty as provided by 35 U.S.C. § 284;

E.  Pre-judgment and post-judgment interest on Seon's award; and

F.  All such other and further relief as the Court deems just or equitable.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Fed. R. Civ. P., Seon hereby demands trial by jury in this action of all claims so triable.

Dated: September 11, 2019

Respectfully Submitted,

 /s/ Brian J. Dunne
Brian J. Dunne (SBN 275689)
*bdunne@piercebainbridge.com*
Dan Terzian (SBN 283835)
*dterzian@piercebainbridge.com*
**Pierce Bainbridge Beck Price & Hecht LLP**
355 S. Grand Avenue, 44th Floor
Los Angeles, CA 90071
(213) 262-9333

*Attorneys for Plaintiff LR Acquisition, LLC d/b/a Seon Drone*